UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CASH HOMEBUYERS, INC., et al., | ) | Case No. 5:05 CV 2296 |
| | ) | |
| Plaintiffs, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| DEBORAH MORNINGSTAR, | ) | (Resolving Docket Nos. 3, 4, 9, 15) |
| | ) | |
| Defendant, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Plaintiffs Cash Homebuyers, Inc. and Dustin Griffin of Akron, Ohio brought suit claiming copyright infringement under 17 U.S.C. §101 et seq. against defendant Deborah Morningstar of Havanna, Florida, asserting federal question jurisdiction under 28 U.S.C. §1331 and §1338(a). The complaint asserts that plaintiffs are the owners and licensees of "Street Smart Web Profits Homebuyer Website (example cashomebuyers.net.)" In this brief complaint they state only that defendant has "used and continues to download, distribute to the public, and/or make available for distribution to others, certain of the Copyrighted materials." (Compl. ¶11). Plaintiffs seek injunctive relief under 17 U.S.C. §502-03, damages under 17 U.S.C. §504 and attorney fees and costs under 17 U.S.C. §505.[1]

*Motion to Dismiss (Docket No. 3):*

The initial motion filed by defendant to dismiss was based on lack of proper service (Docket No. 3). The undersigned issued a show cause order on December 21, 2005 requiring plaintiffs to

---

[1] Defendant 1&1 Internet, Inc. has been dismissed (Docket No. 11).

2

demonstrate service of the complaint. This they did, showing certified mail service on defendant (Docket Nos. 13, 14). Accordingly, defendant's motion to dismiss (Docket No. 3) should be denied as moot, defendant has been served with a copy of the complaint,.

*Motion to Change Venue and its Renewal and Renewed Motion to Dismiss Lawsuit (Docket Nos. 4, 9 and 15):*

Defendant has filed a *pro se* motion for change of venue (Docket No. 4) seeking to transfer this case to the United States District Court for the Northern District of Florida, Tallahassee Division (Docket No. 4), a renewed motion to dismiss this lawsuit (Docket No. 9), asserting lack of personal jurisdiction because defendant does not live in Ohio, has not done business in Ohio, and has no personal or business contacts with Ohio; and filed a renewed motion for change of venue (Docket No. 15), which again asserts lack of personal jurisdiction. All these motions were accompanied by the sworn declaration of defendant. Although these motions do not identify their basis, it is apparent that these *pro se* motions are based on Federal R. Civ. P. 12(b)(2) for lack of jurisdiction over the person and Rule 12(b)(3) for improper venue.

Defendant contends that there is no connection with the claims set out in the complaint and the jurisdiction conferred by the State of Ohio. It is plaintiffs' burden to establish personal jurisdiction over defendant. *Serras v. First Tennessee Bank, N*at. Ass'n., 875 F.2d 1212, 1214 (6th Cir. 1989); *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981); *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974). When the court is presented with a properly supported Rule 12(b)(2) motion to dismiss and opposition, the court has three alternatives. The court may:

3

1) Decide the motion upon pleadings and affidavits;

2) Permit discovery in aid of deciding the motion; or

3) Conduct an evidentiary hearing to resolve any apparent factual questions.

*CompuServe, Inc. v. Patterson,* 89 F.3d 1259, 1262 (6th Cir. 1996); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991);; *Serras*, 875 F.2d at 1214.  Defendant has selected the first alternative.  Under the first alternative, the affidavits are not treated in the same manner as in a motion for summary judgment.

> As stated in *Theunissen*, although a motion for summary judgment and a Rule 12(b)(2) motion are similar in some respects, '[i]n sharp contrast to summary judgment procedure ... the court disposing of a 12(b)(2) motion does not weigh the controverting assertions of the party seeking dismissal.' 935 F.2d at 1459 (citing *Serras*, 875 F.2d at 1214).  Dismissal is warranted only if all of the facts the plaintiff asserts collectively [fail] to state a prima facie case for jurisdiction ...'  Id.  Therefore, we must determine whether, basing its decision solely on the pleadings and affidavits and ignoring contrary assertions by [defendant], the district court in the instant case properly granted [defendant's] 12(b)(2) motion.  *Serras*, 875 F.2d at 1215.

*Market/Media Research*, 951 F.2d at 105; and see *CompuServ v. Patterson*, 89 F.3d at1262.

Accordingly, plaintiffs need only make a *prima facie* showing of personal jurisdiction. *(CompuServ*, 89 F.3d at 1262) and as *CompuServ* makes it very clear, "a court disposing of a 12(b)(2) motion **does not weigh** the controverting assertions of the party seeking dismissal. (emphasis in original)." *Compuserv*, 89 F.2d at 1262.

"Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists 'if the defendant is amenable to

service of process under the [forum] state's long-arm statute and that the exercise of personal jurisdiction would not deny the [defendant] due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) quoting *Michigan Coalition of Radioactive Material Users, Inc. v. G. Griepentrog,* 954 F.2d 1174, 1176 (6th Cir. 1992). And see *Bridgeport Music, Inc. v. Still N the Water Publishing Co.*, 327 F.3d 472, 477 (6th Cir. 2003).

The determination of personal jurisdiction over a non-resident defendant is a two-step process. First, the court must consider the plain language of the state's long-arm statute and applicable civil rules. Second, the court must consider the due process limitation under the Fourteenth Amendment. *CompuServe*, 89 F.3d at 1262; *Creech v. Roberts*, 908 F.2d 75, 79 (6th Cir. 1990), *cert. denied*, 499 U.S. 975, 111 S.Ct. 1619, 113 L.Ed.2d 717 (1991); *Third National Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989), *cert. denied*, 493 U.S. 1050, 110 S.Ct. 870, 107 L.Ed.953 (1990). Plaintiffs have chosen Ohio as the forum for this cause of action. Accordingly, the district court must first determine whether it can exercise jurisdiction under Ohio's long-arm statute.

Pursuant to Federal Rules of Civil Procedure 4(e) and 4(k) the jurisdiction of the state forum is coextensive with Ohio's long-arm statute (Ohio Rev. Code §2307.382) and jurisdiction exists under the following provisions of state law and the supporting state procedural rule Ohio Civil Rule 4.3(A):

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;

5

> (2) Contracting to supply services or goods in this state:
>
> (3) Causing tortious injury by an act or omission in this state;
>
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made sin the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
>
> (7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity;
>
> (8) Having an interest in, using, or possessing real property in this state;
>
> (9) Contracting to insure any person, property, or risk located within the stat at the time of contracting.

ORC §2307.382(2005).

Generally in the past plaintiffs have identified one or more sections to support their claims. However, Mr. Griffin and Cash Homebuyers, Inc. have made it more difficult by not responding to defendant's motions. Based on the allegations, it is clear that defendant does not transact any business in the state, has not contracted to supply services or goods in this state, has not caused tortious injury by an act in this state, has not caused tortious injury by an act outside the state

6

combined with engaging in business or other persistent course of conduct or deriving substantial revenue from goods or services rendered in this state, nor has defendant breached a warranty. Thus, subsections (A)(1) through (5) are not applicable. However, subsection 6 concerning causing a tortious injury in the state by an act outside the state committed with the purpose of injuring persons seems to have been fulfilled. Thus, the first step is satisfied by subsection (A)(6).

However, to begin the second step of the analysis, a decade ago it was recognized in *CompuServe*:

> The Internet represents perhaps the latest and greatest manifestation of these historical, globe-shrinking trends. It enables anyone with the right equipment and knowledge . . . to operate an international business cheaply, and from a desktop. That business operator, however, remains entitled to the protection of the Due Process Clause, which mandates that potential defendants be able to structure their primary conduct with some minimum assurance as to where the conduct will and will not render them liable to suit.

Citations omitted. *CompuServe*, 89 F.3d at 1262.

For purposes of the due process limitations of the Fourteenth Amendment, *in personam* jurisdiction has two forms, general or specific. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 n. 15, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Helicopteros Nacionals de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Third National Bank in Nashville v. Wedge Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989); *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). As determined in *Bird*, maintaining a website "that is accessible to anyone over the Internet is insufficient to justify general jurisdiction.. ." *Id.*, 289 F.3d at 874. Plaintiffs have not shown that defendant's contacts for the state were "continuous

5:05 CV 2296                                              7

and systematic" to exercise general jurisdiction over the defendant which permits jurisdiction even when the action is unrelated to defendant's contacts with the state. Thus there is only specific jurisdiction which extends only to the claims arising from the defendant's activities that were either within the state or had an in-state effect. *Third National Bank in Nashville*, 882 F.2d at 1089; *Neogen Corp.*, 282 F.3d at 888.

Specific jurisdiction which occurs where a "State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Bird* at 874. Specific jurisdiction has been "distilled" into a three-part test in order to assess whether the court may assert limited personal jurisdiction over an out-of-state defendant. *Neogen*, 282 F.3d at 889. The three criteria are: (1) personal availment of the privilege of acting in the foreign state or causing a consequence in a foreign state, (2) the cause of action must arise from the defendant's activities there, and (3) the acts of defendant are consequences caused by the defendant have a substantial enough connection with the forum state to make the exercise in jurisdiction over the defendant reasonable. *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968); *Neogen*, 282 F.3d at 890; *Bird*, 289 F.3d at 874. Plaintiffs have not demonstrated "purposeful availment of the privilege of acting in the forum state such as a website that is interactive to the degree that reveals specifically intended interaction with the residents of the state. *Bird* at 874; *Neogen Corp.*, 282 F.3d at 890. Plaintiffs have not made this showing and consequently it is recommended that the defendant's motion to dismiss for lack of personal jurisdiction be granted and the motion to transfer venue be denied as moot.

5:05 CV 2296                                                            8

## *CONCLUSION AND RECOMMENDATION*

It is recommended that defendant's initial motion to dismiss (Docket No. 3) be denied as moot, and that defendant's motion to transfer venue (Docket No. 4), be denied as moot.  However, it is recommended that defendant's renewed motion to dismiss and renewed motion for change of venue (Docket Nos. 9, 15) which assert lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) be granted.

                                                                s/James S. Gallas
                                                        United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

Dated: September 15, 2006